FILED
CHARLOTTE, NC
APR 12 2018
US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:18cr131-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| ALBERT V. STRONG ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A forfeiture money judgment in the amount of $1,488,899.32, such amount constituting the proceeds that Defendant personally obtained as a result of the offense/s to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied;**

**Any and all interest of Defendant Albert V. Strong in Tri State Machine and Fab;**

**Approximately $1,936.22 in funds seized from Bank of America Account XXXX-XXXX-1340, such account held by or for the benefit of Albert V. Strong;**

**Any and all funds seized from Bank of America Account XXXX-XXXX-8346, such account held by or for the benefit of Albert V. Strong;**

**Any and all funds seized from Bank of America Account XXXXXXXX5965, such account held by or for the benefit of Albert Strong DBA Tri State Machine & Fab, Albert V. Strong Sole Proprietorship;**

**One 2009 Harley Davidson Model FLSTC, VIN 1HD1BW5159Y026948, titled to Albert V. Strong;**

One 2003 Harley Davidson Model FLSTSI ANNIV, VIN 1HD1BYB403Y019956, titled to Albert V. Strong;

One 2012 Harley Davidson Model FLSTSE3, VIN 1HD1PY910CB954510, titled to Albert V. Strong;

One 2014 Harley Davidson Model FLHRSE, VIN 1HD1PG812EB950425, titled to Albert V. Strong;

One 2013 Harley Davidson Model FLHTCUSE, VIN 1HD1PR810DB952796, titled to Albert V. Strong;

One 2014 Harley Davidson Model VRSCF, VIN 1HD1HPH10DC802263, titled to Albert V. Strong;

One 2014 Harley Davidson Model FLS SLIM, VIN 1HD1JRV14EB028899, titled to Albert V. Strong;

One 2015 Harley Davidson Model FLHXSE, VIN 1HD1PXN15FB954815, titled to Albert V. Strong;

One 2017 Harley Davidson Model FLHXSE CVO STR, VIN 1HD1PXF1XHB954049, titled to Albert V. Strong;

One 2013 LEXUS GS350, VIN JTHBE1BL2D5003979, titled to Albert V. Strong;

The real property at 127 Douglas Heights, # 14, Union, South Carolina, more particularly described in a Warranty Deed to Albert Strong, recorded on April 6, 2009, at Union County Register of Deeds Book 237, Page 482;

The real property at 104 Smith Drive, Union, South Carolina, more particularly described in a Tax Deed to Albert Strong, recorded on February 22, 2012, at Union County Register of Deeds Book 241, Page 916;

The real property at 1911 Smith Road, Newberry, South Carolina, more particularly described in a Title to Real Estate to Albert V. Strong and Kelly E. Strong, recorded on May 1, 2013 at the Newberry County Register of Deeds, Book 1693, Page 245;

The real property at 4007 Timber Crossing Drive, Rock Hill, South Carolina, more particularly described in a Deed to Vickie L. McCorkle and Albert V. Strong,

recorded on or about March 17 or 18, 2014 at the York County Register of Deeds, Volume 14015, Page 170;

The real property at 127 Douglas Heights, # 13, Union, South Carolina, more particularly described in a Warranty Deed to Albert V. Strong, recorded on June 30, 2014, at Union County Register of Deeds Book 254, Page 460; and

The real property at 1919 Smith Road, Newberry, South Carolina, more particularly described in a Title to Real Estate to Albert V. Strong and Kelley Strong, recorded on April 10, 2015 at the Newberry County Register of Deeds, Book 1820, Page 23.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

5. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
TAYLOR J. PHILLIPS, ESQ.
Assistant United States Attorney

_____
ALBERT V. STRONG
Defendant

_____
ANTHONY G. SCHEER, ESQ.
Attorney for Defendant

Signed this the 12th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE